IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTHONY LORENZO COLEMAN, #1008008

    Petitioner,

v.                                        CIVIL ACTION NO. 2:15-cv-046

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Anthony Lorenzo Coleman's ("Coleman") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 10. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED**, and Coleman's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I. FACTUAL AND PROCEDURAL BACKROUND

Coleman is presently confined pursuant to a final judgment of the Prince George's County Circuit Court dated March 22, 2013. ECF No. 12 attach. 1 at 3. On this date, the trial

1

court, sitting without a jury, convicted Coleman of four counts of distribution of cocaine, third or subsequent offense, in violation of Virginia Code § 18.2-248; four counts of distribution of marijuana, in violation of Virginia Code § 18.2-248.1; and four counts of driving on a suspended license, in violation of Virginia Code § 46.2-301.1. ECF No. 12 attach. 1 at 3-5.

The trial court sentenced Coleman to a total of 180 years and 48 months of incarceration, and suspended all but the statutory mandatory minimum period of incarceration, resulting in an active sentence of 20 years and 40 days. *Id.* at 4.

Coleman appealed his convictions to the Court of Appeals of Virginia. *Id.* attach. 2. On November 7, 2013, the Court of Appeals of Virginia determined Coleman's appeal to be wholly frivolous, permitted counsel to withdraw, and dismissed the appeal. *Id.* Coleman did not appeal to the Supreme Court of Virginia; therefore his conviction became final ninety days later, on February 5, 2014. *See* U.S. Sup. Ct. r. 13(1).

On March 6, 2014, Coleman timely filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. ECF No. 12 attach. 3. In that petition, Coleman raised the following claims of trial error and ineffective assistance of counsel:

(1) Due process violation: the trial court used related convictions to elevate possession to third or subsequent offense;

(2) Due process violation: the trial court used a conviction from more than ten years ago to elevate possession to third or subsequent offense; and

(3) Ineffective assistance of counsel: counsel failed to argue the relatedness question, which resulted in an improper sentencing enhancement.

(4) Miscarriage of Justice: the Trial Court lacked subject matter jurisdiction for failure to comply with statute and constitutional requirements

*Id.* attach. 3 at 4. In accordance with the Respondent's Motion to Dismiss, the Supreme Court of Virginia dismissed Coleman's petition on August 8, 2014. *Id.* attach. 9.

On January 26, 2015, Coleman timely filed the instant Petition alleging five claims for federal habeas relief:

> (1) Petitioner submits illegal and insufficient certificates of analysis were used to obtain his convictions, which denied the petitioner the right to a Fair Trial, thus violating the petitioner's right to Due Process as guaranteed by the Fifth Amendment of the United States Constitution;
>
> (2) Petitioner submits the illegal and insufficient certificates of analysis used to obtain petitioner's convictions failed to show the purity of the cocaine to establish that in fact a proper analysis of the cocaine had been performed, which denied the petitioner the right to a Fair Trial, thus violating the petitioner's right to Due Process as guaranteed by the Fifth Amendment of the U.S. Constitution;
>
> (3) Petitioner submits the Trial Court lacked Subject Matter jurisdiction to convict the petitioner, which denied the petitioner the right to a Fair Trial, thus violating the petitioner's right to Due Process as guaranteed by the Fifth Amendment of the U.S. Constitution;
>
> (4) Petitioner submits counsel was clearly ineffective when he failed to object to the use of illegal and insufficient certificates of analysis in the petitioner's criminal proceedings, thus violating petitioner's right to Effective Assistance of Counsel as guaranteed by the Sixth Amendment of the United States Constitution;

>   (5) Petitioner submits his convictions are the direct result of Prosecutorial Misconduct, thus violating petitioner's Right to Due Process of Law as guaranteed by the Fourteenth Amendment of the U.S. Constitution.

ECF No. 1 attach. 1 at 9-22.

The Virginia Attorney General, on behalf of the Respondent, filed a Rule 5 Answer, Motion to Dismiss, brief in support, and *Roseboro* Notice on July 15, 2015. ECF Nos. 10-13. On August 7, 2015, Coleman filed a response to the Respondent's Motion to Dismiss. ECF No. 14. The Respondent did not filed a reply brief, and the time to do so expired. Therefore, the instant Petition and Motion to Dismiss are ripe for disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Statute of Limitations

Coleman filed a timely habeas petition with this Court. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from "the date on which the judgment became final by the conclusion of direct review." *Id.* § 2244(d)(1)(A). However, in calculating the limitations period, the Court excludes, or tolls, the time during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. *Id.* § 2244(d)(2).

Coleman's conviction and sentence became final on February 5, 2014, or ninety days after Coleman could have filed a writ of certiorari to the Supreme Court of the United States. *See* U.S. Sup. Ct. r. 13.1; *Harris v. Hutchinson*, 209 F.3d 325, 328 & n.1 (4th Cir. 2000) ("[T]he time for seeking direct review of [the] state-court conviction was concluded . . . when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired.").

4

Coleman's state habeas petition tolled his limitation period for 156 days from March 6, 2014, when Coleman filed his state habeas petition in the trial court, to August 8, 2014, when the Supreme Court of Virginia dismissed and refused his appeal. *Cf. Lawrence v. Florida*, 127 S. Ct. 1079, 1084-85 (2007) (holding the petitioner is not entitled to tolling for the additional ninety days to file a petition for writ of certiorari to the United States Supreme Court following state collateral review, even if the petition for certiorari is actually filed). By filing his original federal habeas petition in this Court on February 2, 2015, Coleman was within the one-year statute of limitations deadline as prescribed by AEDPA, which had been tolled until August 9, 2015. Therefore, the petition is timely.

### B. Exhaustion of Claims in State Court

Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether a petitioner appropriately exhausted his claims and whether the petitioner's claims are barred by procedural default. Section 2254 petitions challenge a state's custody of a prisoner "on the ground[s] that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal *habeas* relief." *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To exhaust state remedies, a *habeas* petitioner must fairly present the substance of his claim to the state's highest court." *Id.* (citing *Matthews*, 105 F.3d at 911). In Virginia, that court is the Virginia Supreme Court. Further, "[t]he burden of proving that a claim is exhausted lies with the *habeas* petitioner." *Id.* (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

After careful review, the undersigned **FINDS** that Coleman did not exhaust his remedies for Claims 1, 2, 4 and 5 because he never raised these claims on direct appeal or in his state habeas petition. Claim 3—that the *Slayton* Procedural Bar should not be applied because the trial court lacked subject matter jurisdiction to convict Coleman—was presented as claim A in an attachment to Coleman's state habeas petition. ECF No. 12 attach. 3 at 8–11. Accordingly, the undersigned **FINDS** that Coleman properly exhausted his state remedies for Claim 3.

Claims 1 and 2, regarding allegedly illegal and insufficient certificates of analysis, were not exhausted because Coleman never raised these claims in his state habeas petition.

In Claim 4, Coleman argues that his counsel was "ineffective when he failed to object to the use of illegal and insufficient certificates of analysis in the petitioner's criminal proceedings." ECF No. 1 attach. 1 at 18. Claim 4 is likewise unexhausted. In Coleman's state habeas petition, he argues that his counsel was ineffective because "counsel failed to argue the relatedness question, which resulted in improper sentencing enhancement." ECF No. 12 at 2. Although Coleman alleged in both his state and federal claims that his counsel was insufficient, the two claims espouse different legal grounds in support thereof. Accordingly, the claim in the instant petition presents a new legal basis for insufficient counsel, and having not been presented to the Supreme Court of Virginia, the claim is unexhausted.

In Claim 5, Coleman submits that his convictions are the "direct result of prosecutorial misconduct." ECF No. 1 attach. 1 at 23. Claim 5 is also unexhausted. Coleman wholly failed to raise the issue of prosecutorial misconduct either on direct appeal or in his state habeas petition. This Court is limited in its review to those claims Coleman brought before the Virginia Supreme Court. *See Breard*, 134 F.3d at 618. Accordingly, because Coleman did not raise this claim in his state habeas claim, the claim is unexhausted.

## C. Procedural Default

"[A] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). If Coleman were to raise these issues in a new state habeas petition in order to exhaust his state post-conviction remedies, he would be procedurally barred because the time for doing so expired on February 5, 2015, one year from the date the time for filing a direct appeal of his sentence expired. *See* VA. Code § 8.01-654(A)(2). This situation is presented as simultaneous exhaustion and procedural default, which "occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present her claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Thus, if Coleman now attempted to raise Claims 1, 2, 4 and 5 in state court, they would be procedurally barred as untimely under Virginia Code § 8.01-654(A)(2), which provides a one-year statute of limitations after the cause of action accrues. Because "the procedural bar that gives rise to exhaustion is an independent and adequate state ground, [four of five] of [Coleman's] claims raised in the instant petition must be treated as simultaneously exhausted and procedurally barred from federal habeas review." *Sparrow v. Dir., Dep't of Corrs.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006); *Baker*, 220 F.3d at 288 ("[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim."); *Breard*, 134 F.3d at 619 ("A distinct but related limit on the scope of federal *habeas* review is the doctrine of

procedural default."). This doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a *habeas* petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the *habeas* petitioner has procedurally defaulted his federal *habeas* claim." *Id.* (citing *Coleman*, 501 U.S. at 731-32). "A state procedural rule is adequate if it is 'regularly or consistently applied by the state court' and is independent if it does not rely on a rule of federal constitutional law." *Silk v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *2 (E.D. Va. Mar. 20, 2009) (quoting *Mu'Min*, 125 F.3d at 196 (citing *Ake*, 470 U.S. at 75)). "After determining that a state court relied on an adequate and independent state-law ground for decision, [courts] 'may . . . not [inquire] into whether the state court properly applied its own law.'" *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (citing *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995)). Therefore, the Court is barred from reviewing the merits of these claims because they are procedurally defaulted pursuant to an adequate and independent state law, Virginia Code § 8.01-654(A)(2). *See Gray v. Netherland*, 518 U.S. 162, 162 (1996).

### D. Cause and Prejudice

Coleman may overcome the procedural default and have his claims addressed on the merits if he "is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, No. 2:10cv339, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). "In order to show 'cause' for the default, [Coleman] must establish 'that some objective factor external to the defense impeded his efforts to raise the claim in state court at the appropriate time.'" *Breard*, 134 F.3d at 619 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "The following objective factors may constitute

cause: '(1) interference by officials that makes compliance with the State's procedural rule impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available to counsel; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.'" *Ensley v. Johnson*, No. 3:10cv543, 2011 WL 6695004, at *5 (E.D. Va. Dec. 21, 2011) (quoting *Wright v. Angelone*, 151 F.3d, 151, 160 n.5 (4th Cir. 1998)). The inquiry focuses, then, on "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McCleskey v. Zant*, 499 U.S. 467, 498 (1991).

### *1. Factual or Legal Basis for a Claim was not Reasonably Available to Counsel as Cause.*

Claims 1 and 2, regarding allegedly illegal and insufficient certificates of analysis, were not exhausted because Coleman never raised these claims in his state habeas petition. Coleman concedes that these claims were never presented to the highest state court. *ECF No. 1 attach. 1 at 6*. Coleman submits that his default should be excused because he was justifiably ignorant of the legal significance of the alleged defects in the certificates of analysis. *Id.* Coleman also argues that the new claims could not have been previously discovered through the exercise of due diligence and this should be excused under 28 U.S.C. § 2244(B)(i). *Id.* To demonstrate cause, the petitioner must show "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." *Hedrick v. True*, 443 F.3d 342, 366 (4th Cir. 2006) (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). Moreover, "a petitioner cannot establish cause when the facts underlying the claim were in existence and were available upon a reasonably diligent search." *Rose v. Lee*, 252 F.3d 676, 687 (4th Cir. 2001). In the instant case, the certificates of analysis were provided to the petitioner in discovery and introduced at trial. Lack of awareness and training on legal issues does not constitute adequate

cause. *See Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991). As such, petitioner cannot establish cause to excuse his default on Claims 2 and 3.

### *2. Ineffective Assistance of Counsel as Cause*

"Ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphasis in original). To constitute cause for a second constitutional claim, an ineffective assistance of counsel claim must be exhausted or else it, too, is procedurally defaulted. *See id.* at 453; *Murray*, 477 U.S. at 489 ("[T]he exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.").

In Claim 4, Coleman argues that his counsel was "ineffective when he failed to object to the use of illegal and insufficient certificates of analysis in the petitioner's criminal proceedings." ECF No. 1 attach. 1 at 18. In Coleman's state habeas petition, he argues that his counsel was ineffective because "counsel failed to argue the relatedness question, which resulted in improper sentencing enhancement." ECF No. 12 at 2. Although Coleman alleged in both his state and federal claims that his counsel was insufficient, the two claims espouse different legal grounds in support thereof. Accordingly, the claim in the instant petition presents a new legal basis for insufficient counsel, and having not been presented to the Supreme Court of Virginia, the claim is unexhausted.

The question for the Court then is, does Coleman establish cause for not prosecuting this Claim in his state habeas petition? To show cause, Coleman would need to establish "that some objective factor external to the defense impeded his efforts to raise [Claim 4] in State Court at the appropriate time." *Breard*, 134 F.3d at 619. Coleman has not alleged any facts that would

indicate he could not have brought Claim 4 in his State habeas petition. Therefore, Coleman has not established cause to excuse his default on Claim 5.

Accordingly, absent a showing of cause, a prejudice analysis is unnecessary. *See Kornahrens v. Evatt,* 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding).

### *3. Prosecutorial Misconduct as Cause*

In Claim 5, Coleman alleges prosecutorial misconduct, arguing the prosecutor violated his "duty to administer the criminal law impartially" by using insufficient evidence to convict Coleman. ECF No. 1 attach. 1 at 24-25. "The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips,* 455 U.S. 209, 219 (1982). "Federal Courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Id.* Coleman does not allege, nor does the record reflect, an unfair trial. As such, Claim 5 does not raise a claim of a constitutional dimension. Thus, to show cause, Coleman would need to establish "that some objective factor external to the defense impeded his efforts to raise [Claim 5] in State Court at the appropriate time." *Breard,* 134 F.3d at 619. Coleman has not alleged any facts that would indicate he could not have brought Claim 5 in his State habeas petition. Therefore, Coleman has not established cause to excuse his default on Claim 5.

### E. Actual Innocence

Despite Coleman's inability to show cause for his procedural default, he may still overcome the procedural bar if he is able to demonstrate that failure to review his habeas claims will result in a fundamental miscarriage of justice. "[I]n order to demonstrate that a miscarriage

11

of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray*, 477 U.S. at 496). In his petition, Coleman does not allege that he is "actually innocent."

To prove a claim for actual innocence, and thus overcome the procedural default bar, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 326 (1995). The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare," and the "standard is 'demanding' and seldom met." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (citing *House v. Bell*, 547 U.S. 518, 538 (2006)).

Coleman has not submitted any evidence to prove he is actually innocent. Thus, Coleman failed to show that, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928. Accordingly, the undersigned **FINDS** that Coleman failed to meet the high standard of proof required by the actual innocence exception. Because Coleman cannot overcome his procedural default through either cause and prejudice, or actual innocence, the undersigned will not review the merits of Coleman's claims. *See Coleman*, 501 U.S. at 750.

### F. Discussion of the Merits of Claim 3

#### *1. Standard of Review*

With respect to those claims that were adjudicated by the state court on their merits, habeas relief is warranted only if a petitioner can demonstrate that the adjudication of his claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1).

In *Williams v. Taylor*, the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. 362, 404-05 (2000). A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08.

"The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and ... an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal habeas court may not issue the writ under the "unreasonable application" clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.

## 2. Analysis of Claim 3

In Claim 3, Coleman argues that the Trial Court lacked subject matter jurisdiction "since the Commonwealth failed to comply with the mandatory requirement of the [statute] when the Commonwealth used the illegal and insufficient certificates of analysis." ECF No. 1 attach. 1 at 16-17. The undersigned finds this claim to be without merit.

The Fourth Circuit addressed an argument similar to Coleman's Claim 3. In *Wright v. Angelone*, the petitioner argued that the state circuit court lacked jurisdiction over two counts of his indictment and he was therefore entitled to a new trial. 151 F.3d 151 (4th Cir. 1998). "Virginia law require[d] that any charges brought against him must have originated in the juvenile court and be examined by the juvenile court in a transfer hearing before the circuit court may obtain jurisdiction over the charges." *Id.* at 157. The Fourth Circuit rejected the petitioner's claim:

> It is black letter law that a federal court may grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a) (West Supp.1998); see also *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") Because [the petitioner's] claim, when pared down to its core, rests solely upon an interpretation of Virginia's case law and statutes, it is simply not cognizable on federal habeas review.

*Id.*

> Thus, while a federal court is obligated to raise questions concerning its own subject matter jurisdiction *sua sponte* in all cases, *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1316 (11th Cir.2004), this principle does not extend to *sua sponte* examination of a state court's subject matter jurisdiction by a federal court. Whether a state court has subject matter jurisdiction over an offense is a question of state law. *U.S. ex. rel. Flowers v. Rundle*, 314 F.Supp. 793, 794 (E.D.Pa.1970); see also *Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); 28 U.S.C. § 2254(d). In federal habeas proceedings, the district court simply does not

14

> review determinations of state law made by South Carolina courts. *See Pulley v. Harris*, 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984) (stating, in the context of a petition pursuant to 28 U.S.C. § 2241, that a "federal court may not issue the writ on the basis of a perceived error of state law").

*Dowdy v. Warden, Broad River Correctional Institution*, 2008 WL 2462823, *4 (D.S.C. 2008).

Thus, Claim 3 is without merit because a claim that the state court lacked subject matter jurisdiction is not cognizable on federal habeas review. Therefore, the undersigned **RECOMMENDS** that Claim 3 in the instant federal habeas petition be **DISMISSED**.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED** and Coleman's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to forward a copy of this Report and Recommendation to the *pro se* Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 16, 2015